United States District Court
Southern District of Texas

**ENTERED**

April 18, 2025

Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BRAVADO INTERNATIONAL GROUP MERCHANDISING SERVICES, INC., and CEREMONY OF ROSES ACQUISITION LLC, | § § § § § | |
| Plaintiffs, | § § | CIVIL ACTION NO. 4:25-cv-01766 |
| vs. | § § § | |
| JOHN DOES 1-100, JANE DOES 1-100, and XYZ COMPANY, | § § § | |
| Defendants. | § § | |

**PLAINTIFFS' TEMPORARY RESTRAINING ORDER;
SEIZURE ORDER; AND ORDER TO SHOW CAUSE WHY A PRELIMINARY
INJUNCTION AND SEIZURE ORDER SHOULD NOT ISSUE**

Based upon the Complaint, the Memorandum of Points and Authorities, the Declarations of Ashley Fogerty and Alan Sitchon, the Certificate of Counsel of Cara R. Burns and all other pleadings and proceedings heretofore had herein and good cause being shown:

**IT IS HEREBY ORDERED** that defendants John Does 1-100, Jane Does 1-100 and XYZ Company their true identities being unknown (collectively "Defendants") show cause before the Honorable Charles Eskridge United States District Judge, in Courtroom 9F of the United States District Court for the Southern District of Texas, located at 515 Rusk Street, Houston, Texas, 77002 at 9:30 a .m. on May 2, 2025, or as soon thereafter as counsel can be heard, why an order pursuant to Fed. R. Civ. P. Rule 65, the Lanham Act 15 U.S.C. § 1051 et. seq., and the All Writs Act should not be entered granting to plaintiffs Bravado International Group Merchandising Services, Inc. and Ceremony of Roses Acquisition LLC (collectively "Plaintiffs") a preliminary injunction to enjoin the Defendants from manufacturing, distributing, selling or holding for sale, any clothing, jewelry, photographs, posters and other merchandise

(collectively, the "Infringing Merchandise") and to seize the same bearing the federally registered trademarks, service marks, likenesses, logos or other indicia of the performers known as **"KENDRICK LAMAR"** and/or **"SZA"** (collectively, the "Artists' Trademarks").

**AND IT APPEARING TO THE COURT** that Defendants are selling or are about to sell and distribute the Infringing Merchandise bearing any or all of the Artists' Trademarks as set forth in Plaintiffs' Complaint and Declarations, and will continue to carry out such acts unless restrained by order of the Court;

**AND IT APPEARING TO THE COURT** that immediate and irreparable injury, loss or damage will result to the Plaintiffs before Defendants can be identified and given notice and their attorneys can be heard in opposition to the granting of the temporary restraining order, in that the Defendants are preparing to manufacture, distribute and sell Infringing Merchandise as set forth in the Plaintiffs' Complaint, and that unless said Defendants are enjoined from said manufacture, distribution, and sale, the Plaintiffs will suffer immediate and irreparable injury and harm in the form of a loss of income, lessening and dilution the value of the Artists' Trademarks, interference with Plaintiffs' ability to exploit, market and license their merchandising rights, confusion in the marketplace as to the duly authorized source of merchandise depicting the Artists' Trademarks, and impairment of the good will Plaintiffs and their licensors have in the said Artists' Trademarks;

**IT IS FURTHER ORDERED** that pending hearing and determination of this application, or the expiration of fourteen (14) court days from the date hereof, the Defendants, their agents, servants, employees, attorneys, successors and assigns and all persons, firms and corporations acting in concert with them, and each of them, be and hereby are temporarily restrained from manufacturing, distributing and selling Infringing Merchandise bearing the any or all of the Artists' Trademarks;

**AND IT IS FURTHER ORDERED** that pursuant to 1116 (a), the United States Marshal for this District or any district in which Plaintiffs enforce this order, the state police, local police or local deputy sheriffs, off duty officers of the same, and any person acting under their supervision, are hereby authorized to seize and impound any and all Infringing Merchandise bearing any or all of the Artists' Trademarks (namely of the **"KENDRICK LAMAR"** and/or **"SZA"** which Defendants attempt to sell or are holding for sale, including any from any carton, container, vehicle, or other means of carriage in which the Infringing Merchandise is found from three (3) hours before to three (3) hours after any performance of the tour within a three (3) mile vicinity of the halls, stadiums or arenas at which said Artists shall be performing, including but not limited to in connection with the concerts to be held at the April 23, 2025 at NRG Stadium in Houston, Texas;

**AND IT IS FURTHER ORDERED** that this order be and is hereby conditioned upon Plaintiffs' filing with the Clerk of this Court an undertaking in the form of a bond, certified check, or cash in the amount of $5,000.00 no later than April 23, 2025, to secure the payment of such costs and damages not to exceed such sum as may be suffered or sustained by any party who is found to be wrongfully restrained hereby;

**AND IT IS FURTHER ORDERED** that this order is conditioned upon the Plaintiffs' advancing to the law enforcement officers such sum as is required by the same to cover the fees for their said services, in the event Plaintiffs seeks their services in this or any other district;

**AND IT IS FURTHER ORDERED** that service of a copy of this order together with the complaint upon which it is based, be made upon the Defendants by the United States Marshal, state or local police, local deputy sheriffs or by any person over the age of eighteen (18) years not a party to this action selected for that purpose by the Plaintiffs, at the time of the seizure provided herein is effected and that such service shall be deemed good and sufficient;

**AND IT IS FURTHER ORDERED** that the process server shall offer a receipt to each person from whom Infringing Merchandise is seized and that the Plaintiffs shall be deemed substitute custodian for all Infringing Merchandise seized;

**AND IT IS FURTHER ORDERED** that each and every defendant served with a copy of this order promptly, courteously and peaceably identify himself or herself to the aforementioned process server and that the process server or agents for Plaintiffs be allowed to photograph, video tape or otherwise identify the Defendant;

**AND IT IS FURTHER ORDERED** that Defendants' responsive papers, if any, shall be filed with the Clerk of this Court and served upon the attorneys for Plaintiffs by delivering copies to its counsel on or before April 25, 2025. Any reply shall be filed by the Plaintiffs and served upon each appearing defendant or his/her counsel on or before April 30, 2025. Plaintiffs are to provide copies of all other filed pleadings at the request of any identified defendant;

**AND IT IS FURTHER ORDERED** that pursuant to F.R.C.P. Rule 65 (d), any defendant can apply to this Court for modification/dissolution of this Order on two (2) days' notice or shorter notice as this Court may allow, but no such application shall serve to suspend this Order or stay the terms herein unless otherwise ordered by this Court.

**IT IS SO ORDERED.**

Dated: April 18, 2025
At: 4:50 p. m.              _____
                            **THE HONORABLE CHARLES ESKRIDGE**
                            **UNITED STATES DISTRICT JUDGE**

Respectfully Submitted,
By:   /s/ Cara R. Burns
Cara R. Burns, Esq., Attorney-In-Charge
Southern District of Texas Bar No. 111129
State Bar No. (CA) 137557
Mims, Kaplan, Burns & Garretson
28202 Cabot Road, Suite 300
Laguna Niguel, California 92677
Tel: (310) 314-1721, Fax: (949) 340-9747